UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| JAMES R. COOTS, | : Case No. 1:22-cv-625 |
| Plaintiff, | : |
| vs. | : District Judge Matthew W. McFarland |
| | : Magistrate Judge Kimberly A. Jolson |
| RONALD ERDOS, et al., | : |
| Defendants. | : |

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Lebanon Correctional Institution (LeCI), has filed a pro se civil rights complaint in this Court pursuant to 42 U.S.C. § 1983. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A. Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324

(1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

  **B. Allegations in the Complaint**

  Plaintiff alleges that on May 7, 2021 he was attacked by several LeCI correctional officers. Specifically, plaintiff claims defendants officers Twilla, Straight, Emmons, Link, and Nance attacked him, resulting in permanent damage to his right eye, facial disfigurement, bruised ribs, a dislocated right shoulder, and post traumatic stress disorder. (*See* Doc. 1-2, Complaint at PageID 15-16). Plaintiff alleges that the attack was the result of his being misdiagnosed. According to plaintiff, medical and correctional staff incorrectly said plaintiff was intoxicated at the time of the

incident. Plaintiff alleges that he was assaulted because of a medical condition, noting that he has taken medication for seizures for the last twenty years. (Doc. 1-3 at PageID 19).

Plaintiff seeks injunctive relief and money damages. (Doc. 1-2, Complaint at PageID 14).

**C. Analysis.**

Based on the above allegations, the Court understands plaintiff to bring an Eighth Amendment claim for excessive force based on the May 7, 2021 attack and an Eighth Amendment medical care claim based on his allegation that he was misdiagnosed as intoxicated at the time of the incident. Plaintiff also appears to seek to hold multiple defendants liable in connection with the subsequent RIB hearing and grievance process.

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his Eighth Amendment excessive force claim against defendants Twilla, Straight, Emmons, Link, and Nance.

Plaintiff's remaining claims against defendants should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

With respect to the remaining defendants, plaintiff's allegations are insufficient to state a claim upon which relief may be granted. Without any factual elaboration, plaintiff's allegations against the remaining defendants are as follows:

| | | |
|---|---|---|
| C.N.P. Rief | misdiagnosed, | 05-2021 |
| Warden C. Harris | Slander, cover up attack | 09-16-2021 |
| April Barr | Slander, misdiagnosis | 7-18-2022 |
| Jan Tabor | Slander, cover up | 7-22-2022 |
| Chris Lambert | Slander, cover up | 9-17-2021 |
| Sharon James | Slander, cover up | 5-20-2022 |
| Marc Bratton | Slander, cover up | 10-27-2021 |
| Karen Stanford | Slander, cover up | 8-29-2022 |
| Jody Sparks | Slander, cover up | 9-27-21 |
| John Jane Dow | Assault, slander cover up | |

4

(Doc. 1-2, Complaint at PageID 16).  Plaintiff otherwise fails to make any factual allegation regarding these defendants.  Plaintiff does not describe what occurred on the dates listed or specified what defendants did or failed to do that he claims resulted in a violation of his constitutional rights.  Plaintiff's "naked assertion[s] devoid of further factual enhancement" fail to meet the basic pleading standard under *Twombly*.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  Accordingly, plaintiff has pled insufficient factual content to state a claim for relief against these defendants.  *See Twombly,* 550 U.S. at 5.

In any event, to the extent that plaintiff claims that defendants C.N.P. Reif, Barr, or any other defendant misdiagnosed him, he fails to state a claim upon which relief may be granted.  Plaintiff does not allege that any medical defendant was present at the time of the attack or alleged facts to plausibly suggest any such defendant was deliberately indifferent to his medical needs.  It is well-settled that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Furthermore, to the extent that plaintiff seeks to hold defendants Harris, Tabor, Lambert, James, Bratton, Stanford, or Sparks in liable connection with the grievance process or Rules Infraction Board (RIB) hearing following the incident,[2] these claims should also be dismissed.  As noted above, plaintiff seeks to hold these defendants liable for slander or covering up the incident.

Plaintiff fails to state a viable constitutional claim under the Fourteenth Amendment in connection with the RIB hearing, because the challenged disciplinary actions did not amount to a deprivation of a constitutionally protected liberty interest.  In *Sandin v. Conner*, 515 U.S. 472

---

[2] As attachments to the complaint, plaintiff includes grievance forms and a RIB disposition regarding the incident that include correspondence with or concerning these defendants.  (*See* Doc. 1 at PageID 24-31).

(1995), the Supreme Court held that the Fourteenth Amendment confers on prisoners only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or which "will inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 484, 487; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Williams v. Wilkinson,* 51 F. App'x 553, 556 (6th Cir. 2002). The Sixth Circuit has held that confinement in segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)) (emphasis in original); *see also Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir. 2012) (holding that the prisoner's 8-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process"). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates).

Here, plaintiff has not alleged that the challenged disciplinary proceedings resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. Moreover, plaintiff has not alleged any facts to suggest that he was subjected to a lengthy disciplinary placement amounting to an atypical or significant hardship that would trigger constitutional concerns. To the contrary, it appears the RIB disposition resulted in a penalty of seven days in restrictive housing. (*See* Doc. 1 at PageID 29). Accordingly, because plaintiff

does not have a protected liberty interest under the circumstances alleged herein, any claim against defendants for their conduct in the disciplinary proceedings fails to state a cognizable federal claim under the Fourteenth Amendment's Due Process Clause.

Plaintiff's claims brought in connection with his grievances also cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) (citations omitted). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Therefore, plaintiff's claims that any of the named defendants improperly denied his appeal or failed to adequately respond to his grievances should be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, in sum, plaintiff may proceed with his Eighth Amendment excessive force claims against defendants Twilla, Straight, Emmons, Link, and Nance. However, plaintiff has failed to provide summons and U.S. Marshal forms for service on these defendants. It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit a completed summons and U.S. Marshal form for defendants Twilla, Straight, Emmons, Link, and Nance. Once the Court receives the requested forms and service copies, the Court will order service of process by the United States Marshal.

Having found that the remaining claims alleged in the complaint fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed with prejudice.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

### IT IS THEREFORE RECOMMENDED THAT:

1.  The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), with the exception of plaintiff's Eighth Amendment excessive force claims against defendants Twilla, Straight, Emmons, Link, and Nance.

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### IT IS THEREFORE ORDERED THAT:

1.  Plaintiff, **within thirty (30) days** of the date of this Order, submit a completed summons and U.S. Marshal form for service on defendants Twilla, Straight, Emmons, Link, and Nance. Once the Court receives the requested summons and United States Marshal forms, the Court will order service of process by the United States Marshal.

2.  The Clerk of Court is **DIRECTED** send to plaintiff a summons and United States Marshal form for this purpose.

3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

**NOTICE REGARDING OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: December 8, 2022　　　　　　　　　　　　s/Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　　Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge