IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES R. COOTS,

      Plaintiff,

v.

      Civil Action 1:22-cv-625
      Judge Matthew W. McFarland
      Magistrate Judge Kimberly A. Jolson

OFFICER TWILLA, et al.,

      Defendants.

## REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings (Doc. 64) and Defendants' Status Report (Doc. 66). The Undersigned **RECOMMENDS** that Defendants' Motion be **DENIED**.

### I. BACKGROUND

Plaintiff is a prisoner at the Lebanon Correctional Institution (LeCI) proceeding without the assistance of counsel. On May 13, 2022, Plaintiff filed an action in the Ohio Court of Claims, alleging that he was assaulted "[b]y staff of ODRC" on May 7, 2021. *See* Complaint, *James Coots v. Ohio Dep't of Rehab. & Corr.*, No. 2022-00409JD (Ohio Ct. Claims May 13, 2022). The only named defendant in the Court of Claims case is the Ohio Department of Rehabilitation and Correction (ODRC). *Id.*

Then, on October 25, 2022, Plaintiff filed this federal action. (*See* Doc. 1). He alleges that Defendants, former and current employees of LeCI, used excessive force against him in violation of the Eighth Amendment of the Constitution. (*See* Doc. 28 at 1). The alleged assault occurred on a familiar date: May 7, 2021. (Doc. 6 at 3–4). In his Complaint, he listed the Court of Claims case: "2022-00409 James Coots vs. Ohio Department of Rehabilitation and Correction." (*Id.* at

2). Because portions of Plaintiff's Complaint have been dismissed, only claims brought under 42 U.S.C. § 1983 remain. (*See* Docs. 7, 12). Defendants filed their Answers on February 23, 2023, and October 20, 2023. (*See generally* Docs. 13, 54).

Plaintiff's Court of Claims case was initially set for trial on July 26, 2023, but the case was continued. *See* Order, *Coots*, No. 2022-00409JD (Ohio Ct. Claims July 28, 2023). Then, on October 20, 2023, Magistrate Gary Petersen stayed Plaintiff's Court of Claims case because Plaintiff had requested a stay pending the outcome of the federal case. *See* Order, *Coots*, No. 2022-00409JD (Ohio Ct. Claims Oct. 20, 2023).

Meanwhile, the federal action had been stayed since September 19, 2023, due to service issues. (*See* Doc. 44 at 2 (staying dispositive motion deadlines due to pending discovery and service issues); Doc. 65 (adopting the Undersigned's recommendation that Defendant Twilla be dismissed)). Having resolved those matters, the Court attempted to move the case along. The Court requested an update on discovery and ordered the parties to propose a case schedule. (Doc. 44). Instead, Defendants filed a motion for judgment on the pleadings, arguing that this action should be dismissed under both the *Leaman* doctrine and *Colorado River* abstention. (Doc. 64). Because of their just-filed motion, Defendants declined to propose a case schedule as ordered. (*Id.* ("Defendants request that no Dispositive Motion Deadline be set until the Court rules on this Motion.")).

Defendants' Motion for Judgment on the Pleadings (Doc. 64) is ripe for review.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 12(c), a motion for judgment on the pleadings may be filed only "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). Here, Plaintiff filed his Complaint, and all remaining Defendants have filed Answers. (*See* Docs. 6, 13, 54). Thus, the

pleadings are closed, and Defendants' Motion (Doc. 66) is properly before the Court. Defendants' Motion requests that this action be dismissed for two reasons. First, Defendants argue that because Plaintiff filed a similar case in the Ohio Court of Claims, the dismissal is required under *Leaman v. Ohio Department of Mental Retardation & Developmental Disabilities*, 825 F.2d 946 (6th Cir. 1987) (en banc). Alternatively, Defendants say the Court should dismiss this action under *Colorado River Water Conservation District. v. United States*, 424 U.S. 800, 817 (1976). For the following reasons, the Undersigned disagrees.

### A. Dismissal Under the *Leaman* Doctrine

Defendants argue that Plaintiff waived his right to sue them in federal court for monetary damages because he also filed a case in the Ohio Court of Claims. (Doc. 64 at 3). The Ohio Court of Claims Act, in relevant part, states: "Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee. . . ." Ohio Rev. Code. § 2743.02(A)(1). Interpreting the Act, the Sixth Circuit held in *Leaman v. Ohio Department of Mental Retardation & Developmental Disabilities* that a plaintiff generally waives his federal claims and his right to sue in federal court for monetary damages when he files an action in the Ohio Court of Claims based on the same events. *See* 825 F.2d at 955–57; *see also Plinton v. Cnty. of Summit*, 540 F.3d 459, 463 (6th Cir. 2008) ("The Sixth Circuit has consistently applied *Leaman* to bar plaintiffs from bringing suit in federal court against a state employee after bringing suit against the state in the Court of Claims based on the same claim."). The Circuit reasoned that the Ohio Court of Claims Act "established a *quid pro quo*, in which the state consents to be sued in exchange for a plaintiff's waiver of claims against the state employees." *McCain v. Parks*, No. 2:10-cv-00791, 2011 WL 4398096, at *3 (S.D. Ohio Sept. 21, 2011).

3

But there is more. The Sixth Circuit and this District have held that a challenge under *Leaman* is an affirmative defense that must be pled according to the Federal Rules of Civil Procedure. *See Carelli v. Ginsburg*, 956 F.2d 598, 603 n.9 (6th Cir. 1992) (citing *Leaman*, 825 F.2d at 954); *see also Leaman*, 825 F.2d at 954 (saying that the Ohio Court of Claims Act gives state employees an "affirmative defense" in federal court). Failure to plead an affirmative defense has consequences. *See Carelli*, 956 F.2d at 603 n.9 (rejecting a challenge under the *Leaman* doctrine because the Commission did not plead it according to Federal Rule of Civil Procedure 8(c)); *McCain*, 2011 WL 4398096, at *4 (denying defendants' motion for summary judgment based on the *Leaman* doctrine, because defendants failed to affirmatively plead the defense); *see also Henricks v. Pickaway Corr. Inst.*, 782 F.3d 744, 750 (6th Cir. 2015) (stating that, generally, affirmative defenses are waived if they are not pled).

Because Defendants filed a motion for judgment on the pleadings under Rule 12(c), the Court must look to the relevant pleadings in deciding the Motion. *See Gascho v. Global Fitness Holdings, LLC*, 918 F. Supp.2d 708, 719 (6th Cir. 2013) (stating that courts may consider only the pleadings and attached exhibits when deciding motions brought under Federal Rule of Civil Procedure 12(c)). Here, Defendants did not raise the *Leaman* doctrine as a defense in their Answers, even though Plaintiff put them on notice of his lawsuit in the Court of Claims. (*See* Docs. 13, 54; *see also* Doc. 6 at 2 (listing the Court of Claims case in Plaintiff's complaint)). In their Answers, Defendants instead said: "Defendants reserve the right to assert such additional affirmative defenses as may become appropriate upon prior notice to Plaintiff." (Doc. 13 at 2; Doc. 54 at 2). This Court has held that boilerplate language does not "allow the pleader to amend the answer in the future to assert additional defenses." *Pough v. DeWine*, No. 2:21-cv-880, 2022 WL 2437140, at *5 (S.D. Ohio July 5, 2022). So, this catch-all language does not cure Defendants'

4

failure to affirmatively plead a defense under the *Leaman* doctrine. This failure is fatal to Defendants' argument, and their Motion should be **DENIED** as a result.

### B. Dismissal Under *Colorado River*

Defendants also ask for the case to be dismissed under *Colorado River Water Conservation District. v. United States*. 424 U.S. 800 (1976). In *Colorado River*, the Supreme Court created a "narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them" for the purposes of "wise judicial administration" and conservation of judicial resources. *Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d 28, 30–31 (6th Cir. 1984) (internal quotations omitted). Essentially, *Colorado River* allows for the dismissal of a federal action "where a case in federal court involves substantially the same issues and substantially the same parties as a parallel case in state court." *Total Renal Care, Inc. v. Childers Oil Co.*, 743 F. Supp.2d 609, 612 (E.D. Ky. 2010) (citing *Colo. River Water Conservation Dist.*, 424 U.S. at 817–21). The threshold question of whether dismissal is appropriate under *Colorado River* is whether the state and federal actions are parallel. *Bahe v. City of Upper Arlington,* No. 2:21-cv-5496, 2023 WL 2652570, at *3 (S.D. Ohio Mar. 27, 2023). If the actions are not parallel, dismissal is not appropriate, and the federal action ought to proceed. *Total Renal Care, Inc.*, 743 F. Supp.2d at 613.

If, however, the actions are parallel, courts must carefully balance the following factors to determine whether dismissal is warranted:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained.... (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and, (8) the presence or absence of concurrent jurisdiction.

5

*Hayes v. City of Columbus,* No. 2:10-cv-0513, 2011 WL 2174973, at *2 (S.D. Ohio June 3, 2011) (quoting *Romine v. CompuServe Corp.*, 160 F.3d 337, 340–41 (6th Cir. 1998)).

The Supreme Court has cautioned, "[o]nly the clearest of justifications will warrant dismissal." *Colo. River Water Conservation Dist.*, 424 U.S. at 819. And "[w]hen rights are asserted under § 1983, federal courts' unflagging obligation to exercise their jurisdiction is particularly weighty." *Hayes*, 2011 WL 2174973, at *2 (quotations omitted). Defendants have not met this high burden for several reasons.

### 1. Parallel Actions

To begin, the federal and state court actions are not parallel. "[A]ctions are parallel if they are predicated on the same allegations as to the same material facts." *Id.* at *3 (internal quotations and citations omitted). And the actions must have "substantially the same parties litigat[ing] substantially the same issues." *Total Renal Care, Inc.*, 743 F. Supp.2d at 613–14 (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)). "If a state court action and a federal action are truly parallel, resolution of the state court action will also resolve *all* issues in the federal action." *Wright v. Linebarger Googan Blair & Sampson, LLP*, 782 F. Supp. 2d 593, 603 (W.D. Tenn. 2011) (internal citation omitted) (emphasis added). But "[w]here the federal case raises issues that will not be resolved by the state proceeding, the federal court should not abstain." *Walker v. Louisville/Jefferson Cnty. Metro Gov't*, 583 F. Supp.3d 887, 897 (W.D. Ky. Feb. 1, 2022) (citing *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990)).

To determine if actions are parallel, a federal court "'must compare the issues in the federal action to the issues actually raised in the state court action, not those that might have been raised.'" *Walker*, 583 F. Supp.3d at 897 (quoting *Baskin v. Bath Twp. Bd. of Zoning Appeals*, 15 F.3d 569,

6

572 (6th Cir. 1994)); *see also Crawley*, 744 F.2d at 31 ("The issue is whether [the state court action], as it *currently* exists, *is* a parallel, state-court proceeding."). The analysis requires courts to compare both proceedings' parties and claims to determine if "resolution of the state court action will also resolve all issues in the federal action." *Wright*, 782 F. Supp.2d at 603; *see, e.g.*, *Kopacz v. Hopkinsville Surface and Storm Water Util.*, 714 F. Supp.3d 682, 687 (W.D. Ky. 2010) (comparing the state complaint and the federal complaint to determine if plaintiffs' federal claims would be determined by the state court); *Total Renal Care, Inc.*, 743 F. Supp.2d at 614 (same); *Iron Workers of W. Penn. Pension Plan v. Caremark RX, Inc.*, No. 3:06-1097, 2007 WL 60927, at *3 (M.D. Tenn. Jan. 5, 2007) (finding, after comparing the complaints, that the federal action "is completely incorporated" within the state action).

In their Motion, Defendants say Plaintiff's Ohio Court of Claims case "involves the identical allegations, dates, and alleged actors" as the action in federal court. (Doc. 64 at 5). But the record is not clear whether Plaintiff's state court litigation includes his Section 1983 claims. In the Court of Claims complaint, Plaintiff sues ODRC for injuries he suffered when he was allegedly assaulted by "staff of ODRC" on May 7, 2021. Complaint, *Coots*, No. 2022-00409JD (Ohio Ct. Claims May 13, 2022). Defendants appear to understand the Complaint as bringing claims alleging excessive force—although the legal bases for the claims are not specified. Answer, *Coots*, No. 2022-00409JD (Ohio Ct. Claims July 20, 2022); Ohio Department of Rehabilitation and Correction's Amended Pretrial Statement, *Coots*, No. 2022-00409JD (Ohio Ct. Claims June 30, 2023). For example, Plaintiff's complaint and ODRC's filings do not explain whether the claims are rooted in Section 1983, state tort law, or something else. Meanwhile, in his federal case, Plaintiff has only Section 1983 claims proceeding against Defendants for the alleged assault. (*See* Doc. 6; *see also* Doc. 12 at 1 (stating which claims of Plaintiff's will proceed)).

These distinctions matter because the elements of a state law assault claim, for example, are very different than those required for a Section 1983 claim. In Ohio, an assault is "an unlawful offer or attempt, coupled with a present ability, to inflict an injury upon the person of another." *Woods v. Miamisburg City Sch.*, 254 F. Supp.2d 868, 878 (S.D. Ohio 2003). But a Section 1983 claim alleging excessive force in violation of the Eighth Amendment requires substantially more. A prisoner must show "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002) (internal quotation omitted). Still more, a prisoner must satisfy a subjective component, which focuses on the state of mind of the prison officials, and an objective component, which requires that the pain inflicted be sufficiently serious. *See Brown v. Cool*, No. 2:21-cv-5146, 2023 WL 8021013, at *3 (S.D. Ohio Nov. 20, 2023) (summarizing the standard for a Section 1983 excessive force claim). Said simply, the resolution of a claim based in state tort law does not necessarily dispose of Plaintiff's Section 1983 claims.

If there is any "substantial doubt" that the state-court litigation will be an "adequate vehicle for the complete and prompt resolution of the issues between the parties," a Court should not dismiss under *Colorado River*. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). Here, the state court record is not clear whether Plaintiff's Section 1983 claims are included in the state court litigation or would be resolved through the disposition of that case. Because of the uncertainty, the Court should err on the side of not dismissing Plaintiff's federal claims. *See TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (6th Cir. 2005) ("Any doubt regarding the parallel nature of the state court suit should be resolved in favor of exercising jurisdiction." (internal quotations omitted)); *AEP Industries, Inc. v. UTECO North Am., Inc.*, No. 1:14-cv-96-GNS, 2015 WL 1298556, at *7 (W.D. Ky. Mar. 23, 2015) (declining to abstain under

8

*Colorado River* when the court was "not confident" that a Canadian lawsuit would resolve all of the issues in the federal case); *Boyd v. Martinez*, No. 3:22-cv-227, 2022 WL 12029152, at *7 (M.D. Tenn. Oct. 20, 2022) (discussing that abstention is improper where "the federal case includes some meaningful substantive questions that may not be adequately resolved by the state case"); *180 Industrial, LLC v. Brunner Firm Co., LPA*, No. 2:17-cv-937, 2018 WL 11432484, at *5–6 (S.D. Ohio Dec. 17, 2018) (finding abstention not warranted, even though only one claim raised in the federal case would not be resolved by the state court action).

More still, the cases do not share any defendants. While the presence of additional parties does not necessarily render two actions unparallel, *Romine*, 160 F.3d at 340, the Defendants here are not parties to Plaintiff's Court of Claims case. Likewise, ODRC, the only defendant in the Court of Claims case, is not a defendant in the federal case. In fact, ODRC could not be a defendant in this action because ODRC is entitled to immunity in federal court under the Eleventh Amendment. *Allen v. Ohio Dep't of Rehab. & Corr.*, 128 F. Supp.2d 483, 490 (S.D. Ohio 2001) ("ODRC is an instrumentality of the state of Ohio, protected by the Eleventh Amendment to the same extent as is the state."). The defendant-mismatch means that these actions are not similar enough for *Colorado River* doctrine to apply. *See Smith v. United States*, No. 2:19-cv-1341, 2019 WL 3818764, at *2 (S.D. Ohio Aug. 14, 2019) (finding proceedings not parallel where the plaintiff in the federal and state cases was the same, but the defendant was not a party to the state court action); *Wright*, 782 F. Supp.2d at 603 (saying that an absence of shared defendants between the state and federal actions "suggests that the two proceedings are not parallel"); *Total Renal Care, Inc.*, 743 F. Supp.2d at 614 (holding that state and federal proceedings were not parallel, in part, because of "incongruity in parties").

9

  *2. Remaining Factors*

  Even assuming the actions are parallel, dismissal is still not warranted. On balance, the *Colorado River* factors weigh in favor of this Court's jurisdiction. First, Plaintiff's claims are based on an alleged assault, so no *res* or property is at stake. *See Crawley*, 744 F.2d at 31 (finding this factor does not apply to *in personam* actions). Nor have Defendants argued that one forum is more convenient than the other. Indeed, both are equally accessible to the parties. (*See* Doc. 64 at 6–7); *see Bahe*, 2023 WL 2652570, at *5 (finding both forums convenient, because the parties were based in central Ohio and did not argue either forum was preferable). And the risk of piecemeal litigation is low here because the Court of Claims has stayed the state case pending the outcome of the federal action. Order, *Coots*, No. 2022-00409JD (Ohio Ct. Claims Oct. 20, 2023); *see also Coakley Landfill Grp. v. IT Corp.*, 116 F. Supp.2d 244, 246 (D. N.H. 2000) (stating that judicial economy was best served by adjudicating the case in federal court, since the state case was stayed). Plaintiff's Section 1983 claims are also firmly rooted in federal law, which favors this Court's jurisdiction. *Glover v. City of Portland, Tenn.*, 675 F. Supp. 398, 404 (M.D. Tenn. 1987) (noting that the history of Section 1983 "favors federal adjudication"); *see also Bahe*, 2023 WL 2652570, at *5 ("[T]he substantive rule of the case likely comes from federal law. This factor does not support abstention.").

  Additionally, Defendants say that the Court of Claims case is further along in litigation than this federal proceeding, but that representation is not the complete picture. (Doc. 64 at 6–7). While true that Plaintiff filed his Court of Claims case first, that action is currently stayed. In arguing that the state court action is closer to resolution, Defendants also note that no dispositive motion deadline has been set in this case. (Doc. 64 at 7). But the parties were ordered to propose a date, and Defendants instead filed the instant Motion. (*See* Doc. 66 at 1; Doc. 64).

Put simply, the current record is not clear enough for the Undersigned to find that exceptional circumstances exist warranting abstention. *Colo. River Water Conservation Dist.*, 424 U.S. at 813 (internal quotation omitted). But this analysis could change. For example, if the Court of Claims case resumes or if the relationship between Plaintiff's state and federal claims becomes more apparent, the Court could consider a renewed motion at that time. Yet based on the record as it stands, the Undersigned **RECOMMENDS** that Defendants' Motion (Doc. 64) be **DENIED**.

### III.   CASE SCHEDULE

In the Court's January 31, 2024, Order, the Court noted that several outstanding discovery issues seemingly remained. (Doc. 63). While Defendants say they have sent Plaintiff all requested discovery, Plaintiff has not confirmed that fact. (*See* Doc. 66 at 1). As such, if Plaintiff is owed any remaining discovery, he is **ORDERED** to file a status report notifying the Court of what discovery he has not received **within thirty (30) days of this Order**. Finally, dispositive motions in this case are now due **within sixty (60) days of this Order**.

### IV.   CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings (Doc. 64) be **DENIED**. Plaintiff is **ORDERED** to file a status report **within thirty (30) days** if he is still owed any discovery responses. Dispositive motions in this case are due **within sixty (60) days of this Order**.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: March 21, 2024          /s/ Kimberly A. Jolson
                              KIMBERLY A. JOLSON
                              UNITED STATES MAGISTRATE JUDGE